O/JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG STEVENSON,<br>　　　　Petitioner,<br>　v.<br>SHAWN HATTON, *Warden*,<br>　　　　Respondent. | Case No. LA CV 16-5400 RSWL (JCG)<br><br>**ORDER TRANSFERRING ACTION TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA** |

　　　　On July 11, 2016, petitioner Craig Stevenson ("Petitioner"), a California prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition"). [*See* Dkt. No. 1 at 11.] Therein, Petitioner – who is incarcerated at Correctional Training Facility, in Monterey County, California – challenges a parole determination. (Pet. at 1, 2.) Monterey County lies within the venue of the Northern District of California. 28 U.S.C. § 84(a).

　　　　Venue is proper in a habeas action in either the district of confinement or the district of conviction. 28 U.S.C. § 2241(d). The district court in which a petition is filed, however, may "in the exercise of its discretion and in furtherance of justice" transfer the petition to the other district where it could have been filed. *Id.*

//

When a petitioner challenges the manner in which his sentence is being executed – for example, a challenge to the denial of parole – the district of confinement is the preferable forum. *Cf. Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989) (explaining, in a § 2241 action, that "[t]he proper forum to challenge the execution of a sentence is the district where the prisoner is confined"); *see also Turner v. State of California*, 2016 WL 3951371, at *3 (C.D. Cal. July 21, 2016) (ordering transfer of habeas action challenging parole decision to district of confinement); *Fordjour v. Ayers*, 2008 WL 162527, at *1 (N.D. Cal. Jan. 17, 2008) ("[V]enue over parole matters is preferable in the district of confinement."). Indeed, the district of confinement will generally be where relevant evidence, witnesses, and records are located. *See* 28 U.S.C. § 1404(a) (providing for transfer of venue for convenience of parties and witnesses and interests of justice).

Here, Petitioner is challenging the execution of his sentence, and is confined within the Northern District of California.[1] (Pet. at 1, 2.) Petitioner has consented to the Magistrate Judge's jurisdiction and is the only party who has appeared in this action. [*See* Dkt. No. 2.]

//
//
//
//
//
//
//
//
//

---

[1] Notably, the instant action represents Petitioner's second challenge to the execution of his sentence while confined within the Northern District of California. *See Stevenson v. Curry*, N.D. Cal. Case No. 3:09-cv-0759-MMC; *Stevenson v. Curry*, 2009 WL 5218011 (N.D. Cal. Dec. 31, 2009).

1     Accordingly, **IT IS ORDERED THAT** the Petition be **TRANSFERRED** to the United States District Court for the Northern District of California. *See* 28 U.S.C. § 1404(a); *cf. also Wilhelm v. Rotman*, 680 F.3d 1113, 1119-21 (9th Cir. 2012) (holding that magistrate judge had jurisdiction to dismiss action where prisoner consented and was only party to action).

    **IT IS FURTHER ORDERED** that the Clerk of Court shall serve a copy of this order on Petitioner.

DATED: July 28, 2016

                                        HON. JAY C. GANDHI
                            UNITED STATES MAGISTRATE JUDGE